UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES MADDALENA,
Plaintiff

C.A. No.02-403S

v.

STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS and
THE RHODE ISLAND DEPARTMENT
OF CORRECTIONS
Defendants

**MOTION FOR LEAVE TO TAKE DEPOSITIONS**

Now comes the Plaintiff, JAMES MADDALENA, and hereby files this Motion to Request leave of Court to take three depositions outside of the discovery period. The Plaintiff hereby respectfully requests permission to depose the following three individuals: Randy LeBeau; Lieutenant David Silva; Timothy Herald. A memorandum in support hereof is attached.

**Request for Hearing**

The Plaintiff respectfully requests a hearing on this matter.

Respectfully Submitted,
James Maddalena
By His Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-245-5802 /401-245-4520 (FAX)

**CERTIFICATION**

I hereby certify that, on July 20, 2005, a true copy of the above was delivered by first class regular mail to Rebecca Tedford Partington counsel to the Defendants, at 150 South Main Street, Providence, RI 02903.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES MADDALENA,
Plaintiff

C.A. No.02-403S

v.

STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS and
THE RHODE ISLAND DEPARTMENT
OF CORRECTIONS
Defendants

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR LEAVE TO TAKE DEPOSITIONS**

Now comes the Plaintiff, JAMES MADDALENA, and hereby files this Memorandum in Support of His Motion for Leave to Take Depositions.

In Support of his Motion the Plaintiff avers that information has recently come to his attention relative to the alleged discovery in the workplace and subsequent destruction, by Defendants' agents, of certain documentation pertinent to Plaintiff's claims. Plaintiff has been informed that certain documents were recently discovered, but were destroyed without disclosure to the Plaintiff, in violation of the Defendants' continuing discovery obligations. The Plaintiff has been provided information that Correctional Officer Randy Lebeau and Lieutenant David Silva may be in a position to assist in determining the extent, if any, to which there exists any substantiation for the above-referenced information. With respect to Correctional Officer Timothy Herald, it has come to Plaintiff's counsel's attention that Officer Harald may have important information specific to certain admissions against interest made by certain of Plaintiff's supervisors. (As an aside, it has become particularly important to contact Herald, in that his continued participation as a witness in this dispute would require the recusal of the Hon. Judge Bruce Morin as the presiding judge in the Plaintiff's companion case, currently pending before the Rhode Island Worker's Compensation Court.)

Plaintiff has requested the assistance of Defendants' counsel in effectuating contact with these individuals, in order to clarify allegations that have recently surfaced and, hopefully, to obviate the need for formal depositions. At least with respect to Officers LeBeau and Herald, rank and file correctional officers, Plaintiff clearly has the right to contact these employees, with or without Defendants' consent. However, Defendants have persistently attempted to insulate these employees from contact. In addition to his more recent requests for assistance in contacting these officers, Plaintiff requested contact information regarding these individuals from Defendants approximately two years ago, as part of its formal discovery requests. That request and all more recent requests have been futile.

With respect to Lt. Siva, if reasonable information exists to the effect that he has knowledge regarding the recent alleged discovery by the Defendants and their discard of pertinent documents, a sufficient basis exists for this Court to permit a brief deposition, on that topic only, outside the discovery period. It should be noted that the Defendant has previously been allowed to take **three** depositions, beyond the close of discovery. Unlike Plaintiff's instant motion, in which Plaintiff is attempting to clarify information that has only recently come to light, the three witnesses who were the subject of the Defendants' previous motion, as well as the significance of their potential testimony, were well known to the Defendants since the inception of discovery.

Plaintiff's counsel have made every reasonable overture to Defendants' counsel relative to receiving the contact information for these witness, with no response. If Plaintiff's Motion is Denied, Plaintiff has no way to contact these potential witnesses or to procure their testimony.

**For all the above reasons, the Plaintiff respectfully urges that his Motion be GRANTED.**

**REQUEST FOR HEARING**

**The Plaintiff hereby Requests a Hearing to Determine the matters herein.**

Respectfully Submitted,
James Maddalena
By His Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-245-5802
401-245-4520 (FAX)

**CERTIFICATION**

I hereby certify that, on July 22, 2005, a true copy of the above was delivered by first class regular mail to Rebecca Tedford-Partington counsel to the Defendants, at 150 South Main Street, Providence, RI 02903.