UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES MADDALENA | : | |
| | : | |
| vs. | : | C.A. No. 02-403 S |
| | : | |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS and THE RHODE ISLAND DEPARTMENT OF CORRECTIONS | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION FOR LEAVE TO TAKE DEPOSITIONS**

Now comes Defendant, and objects to the Motion for Leave to Take Depositions filed by the Plaintiff. A Memorandum in support hereof is attached.

Respectfully submitted,

DEFENDANT
By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

REBECCA TEDFORD PARTINGTON
Deputy Chief – Civil Division
PARISA D. BEERS
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400
Fax No. (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing Objection was mailed, postage prepaid, on this 29th day of July, 2005 to Stephen T. Fanning, Esq., 305 South Main Street, Providence, RI 02903.

Melissa DiFonzo

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES MADDALENA :
:
vs. : C.A. No. 02-403 S
:
STATE OF RHODE ISLAND AND :
PROVIDENCE PLANTATIONS and :
THE RHODE ISLAND DEPARTMENT :
OF CORRECTIONS :

**DEFENDANT'S MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFFS' MOTION FOR LEAVE TO TAKE DEPOSITIONS**

Plaintiff has requested leave of this Court to take three depositions outside of the expiration of the discovery deadline. As grounds therefore, Plaintiff represents to this Court that documents have been destroyed and that his access to witnesses has been somehow nefariously thwarted by counsel. These reasons are completely baseless and do not form a sufficient basis for the relief requested.

By way of factual background, Defendant offers the following:

- Plaintiff propounded interrogatories requesting the home address and telephone number of twenty-three (23) employees and former employees of the Department of Corrections.
- On November 24, 2003, Defendants objected to providing some information, because, pursuant to a longstanding policy, the home addresses and telephone numbers for correctional officers and police officers are not provided in discovery. Defendants cited security risks as part of their objection. Plaintiff did not request contact information for Randy LeBeau or Timothy Harold.

Furthermore, Defendants did provide information for Barry Levin and George Vose.

- On September 9, 2003, Plaintiff filed amended responses to the Defendant's Interrogatories, listing Randy LeBeau, Timothy Herald and David Silva as persons with knowledge of relevant information.
- On December 15, 2003, Plaintiff filed a Motion to Compel, seeking contact information to apparently aid in the service of subpoenas and other discovery matters.
- On January 23, 2004, a hearing was held before Magistrate Judge Lovegreen. It is Defendants' recollection that Plaintiff was instructed to contact witnesses at their place of business, the Adult Correctional Institutions (ACI).
- Pursuant to the hearing, an Order entered on January 30, 2004. Defendant was not ordered to provide home addresses and phone numbers for the Department of Corrections employees.
- On May 11, 2005, Plaintiff filed his pretrial memorandum indicating that he would be calling Timothy Harold as a witness at trial. Neither David Silva nor Randy LeBeau were listed as trial witness for Plaintiff. David Silva has been listed as a witness for the Defendant.
- On or about July 13, 2005, a telephone message was left for counsel requesting contact information only for Timothy Harold. Plaintiff's counsel did not request contact information for Randy LeBeau or David Silva. In fact, these individuals were not even mentioned. Further, Plaintiff's counsel did not make any reference

to any alleged destruction of documents or Defendant's alleged attempts to "insulate" witnesses from contact with Plaintiff's counsel.

- By way of correspondence dated July 21, 2005, Defendant reiterated its position that home contact information would not be provided, rather, employees of the ACI can be contacted at the ACI. (Appendix 1)

Defendant has expended much time and effort contacting witnesses listed by the Plaintiff in his pretrial memorandum. All contact has been made at the ACI. All have indicated that neither Plaintiff nor his attorney has made any effort to contact them. This Defendant has no obligation to act as facilitator for Plaintiff's trial preparation. The instant motion is shocking in its lack of accurate factual foundation and should be denied.

Respectfully submitted,

DEFENDANT
By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

REBECCA TEDFORD PARTINGTON
Deputy Chief – Civil Division
PARISA D. BEERS
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400
Fax No. (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing Objection was mailed, postage prepaid, on this 29th day of July 2005 to Stephen T. Fanning, Esq., 305 South Main Street, Providence, RI 02903.

Melissa DiFazio

# APPENDIX 1

State of Rhode Island and Providence Plantations

DEPARTMENT OF ATTORNEY GENERAL
150 South Main Street • Providence, RI 02903
(401) 274-4400
TDD (401) 453-0410

*Patrick C. Lynch, Attorney General*

July 21, 2005

Stephen T. Fanning, Esq.
305 South Main Street
Providence, RI 02903

**Re: Maddalena v. DOC – C.A. No. 02-403 S**

Dear Stephen,

I am in receipt of your July 19, 2005 letter, wherein you have requested contact information for several correctional officers. As an initial matter, I would like to direct your attention to the first paragraph of your letter, which refers to your multiple *attempts* to obtain contact information. I, however, received only a single voicemail last week requesting this information. In any case, please be advised that you may contact current employees directly at the Department of Corrections. The Department of Corrections will not release personal contact information.

Second, Mr. Randy LeBeau does not appear on either the State or the Plaintiff's witness list. Accordingly, the State intends to object to any attempt by the Plaintiff to have Mr. LeBeau testify at trial.

Finally, despite my letter of July 8, 2005, I have not yet received any response relative to the proposed exchange of exhibit lists. Because identifying some of Plaintiff's documents has been impossible, the State intends to file a motion, asking the Court to order Plaintiff to provide the necessary information if we cannot come to a mutually acceptable agreement by July 29, 2005.

I hope this letter clears up any outstanding issues. Please feel free to contact me if you have any further concerns or questions.

Very truly yours,

Parisa Beers
Special Assistant Attorney General
Extension 2367