UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES MADDALENA | : | |
| | : | |
| vs. | : | C.A. No. 02-403 S |
| | : | |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS and THE RHODE ISLAND DEPARTMENT OF CORRECTIONS | : | |

**DEFENDANTS'**
**MOTION TO COMPEL TRIAL EXHIBITS**

Defendants respectfully request that this Court order the Plaintiff, James Maddalena, to provide the Defendants with copies of each of the 124 trial exhibits listed in his Pre-trial Memorandum by October 21, 2005. In support of their motion, Defendants have filed an accompanying memorandum.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford Partington
PDB

REBECCA TEDFORD PARTINGTON
Deputy Chief – Civil Division
PARISA D. BEERS
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400
Fax No. (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing Motion was mailed, postage prepaid, and sent via facsimile, on this 13th day of October, 2005 to Stephen T. Fanning, Esq., 305 South Main Street, Providence, RI 02903.

Carol A. Collins

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JAMES MADDALENA | : | |
| | : | |
| vs. | : | C.A. No. 02-403 S |
| | : | |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS and THE RHODE ISLAND DEPARTMENT OF CORRECTIONS | : : : : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL TRIAL EXHIBITS**

Defendants respectfully request that this Court order the Plaintiff, James Maddalena, to provide the Defendants with copies of each of the 124 trial exhibits listed in his Pre-trial Memorandum by October 21, 2005. While the Defendants hesitate to ask for Court intervention in this matter, the passage of time and upcoming trial make this request necessary. A brief description of Defendant's efforts to avoid this Court's involvement in this discovery issue follows.

In the pretrial Order dated February 26, 2003, the Court required the parties to file a memorandum, containing

> A list of all exhibits intended to be offered at the trial with statements of the purpose for which the exhibit is offered. All such exhibits must be pre-marked by the plaintiff in numerical order and by defendant in alphabetical order.

Plaintiff, in his pretrial memorandum, listed 124 separate exhibits. On July 8, counsel for the Defendants requested a more specific description of the exhibits, as they were impossible to locate in the 800 pages of documents produced by Plaintiff in discovery. On July 21, 2005, having not received any response from Plaintiff, Defendants sent a second, follow-up letter. Because the second letter also received no

response relative to an exchange of exhibits, on July 29, 2005, Defendants filed a Motion to Compel Compliance With Pretrial Order. On August 23, 2005, a hearing was scheduled on Defendants' motion and Plaintiff's Motion for Leave to Take Depositions. Because Plaintiff's attorney represented, however, that the motions could be resolved without Court intervention, a brief conference was held with Magistrate Judge Almond on August 23, 2005. During that conference, Plaintiff's attorney agreed to provide more concrete descriptions for each of his exhibits, followed by hard copies of those exhibits within ten (10) days. As a result, that matter passed and a hearing was held only upon Plaintiff's Motion for Leave to take Depositions.

Sometime on or about August 23, 2005, the parties agreed that an additional settlement conference with Magistrate Judge Almond would be helpful to achieve resolution in this matter. Consequently, a settlement conference was held on August 25, 2005. Following this conference, Defendants sent Plaintiff a letter, confirming, among other things, Plaintiff's agreement to provide Defendants with its trial exhibits by September 2, 2005. (Appendix 1).

Over the next several weeks, the parties negotiated, in earnest, to attempt to resolve the litigation. However, on September 21, 2005, having not received the trial exhibits, Defendants sent Plaintiff another letter, as it was obviously necessary for Defendants to also prepare for the potential of an impending trial. (Appendix 2). Plaintiff responded to this letter on September 23, 2005, requesting additional time for various issues raised in Defendants' letter. (Appendix 3). That same day, Defendants faxed Plaintiff a letter, agreeing to allow Plaintiff until September 30, 2005 to complete this task. (Appendix 4). Defendants did not receive the exhibits on September 30, 2005.

Instead, on October 5, 2005, Plaintiff's counsel indicated, by voicemail, that he was indeed working on getting the documents and would provide them to the Defendants by October 7, 2005. Defendants faxed Plaintiff a letter of confirmation, yet also advised Plaintiff that it, unfortunately could not agree to any further extensions. (Appendix 5).

The Plaintiff has not yet provided Defendants with the trial exhibits that it promised to deliver by September 2, 2005. Regretfully, the Defendants must ask this Court to intervene in this matter so that they may adequately prepare for trial. Defendants respectfully request that this Court issue an order, requiring Plaintiff to provide copies of his trial exhibits to the Defendants by October 21, 2005.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford Partington
PDB

REBECCA TEDFORD PARTINGTON
Deputy Chief – Civil Division
PARISA D. BEERS
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400
Fax No. (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing Motion was mailed, postage prepaid, and sent via facsimile, on this 13th day of October, 2005 to Stephen T. Fanning, Esq., 305 South Main Street, Providence, RI 02903.

Carol A. Collins

# APPENDIX 1

8-26-05

State of Rhode Island and Providence Plantations

DEPARTMENT OF ATTORNEY GENERAL
150 South Main Street • Providence, RI 02903
(401) 274-4400
TDD (401) 453-0410

*Patrick C. Lynch, Attorney General*

August 26, 2005

Stephen T. Fanning, Esq.
305 South Main Street
Providence, RI 02903

**Re: Maddalena v. DOC – C.A. No. 02-403 S**

Dear Stephen,

Following yesterday's settlement conference with Judge Almond, the Defendants located previous Settlement Conference Statements, filed with the Court in May 2005, which reflect that the last demand by Plaintiff was $75,000. I have enclosed these documents for your review. As you are aware, yesterday Plaintiff demanded double this figure (and included the imposition of other conditions to settlement). Because Plaintiff's latest demand is moving in the wrong direction to allow for resolution of this matter, I ask that you bring this to the attention of Mr. Maddalena.

Additionally, we thank you in advance for your cooperation in providing us with Plaintiff's trial exhibits by September 2, as discussed at the hearing on August 23. We also ask that you provide us with the name of the person who told Mr. Maddalena about Officer LeBeau's observation of the alleged destruction of documents as soon as possible, so that we may schedule that deposition.

Page 2
August 26, 2005

Thank you for your attention to these matters.

Very truly yours,

Parisa Beers
Special Assistant Attorney General
Extension 2367

Enclosures

# APPENDIX 2

State of Rhode Island and Providence Plantations

**DEPARTMENT OF ATTORNEY GENERAL**
150 South Main Street • Providence, RI 02903
(401) 274-4400
TDD (401) 453-0410

*Patrick C. Lynch, Attorney General*

September 21, 2005

Stephen T. Fanning, Esq.
305 South Main Street
Providence, RI 02903

**BY FACSIMILIE**

**Re: <u>Maddalena v. DOC – C.A. No. 02-403 S</u>**

Dear Attorney Fanning,

While both sides continue to work toward settlement in this matter, it is obviously still necessary for the parties to continue to prepare for trial. Consequently, the Defendants must have a copy of each of Plaintiff's trial exhibits no later than Friday, September 23, 2005. You will remember that on August 23, 2005, at a conference with Magistrate Judge Almond, you agreed to provide us with these documents within ten (10) days. Obviously, that time has elapsed. Additionally, in accordance with Magistrate Judge Almond's Order of August 23, 2005, Plaintiff was required to disclose to Defendants the name of the individual who told Mr. Maddalena that documents had allegedly been destroyed at the Department of Corrections. Please provide this information to us by September 23, 2005 so that we may schedule his or her deposition. As you recognize, the allegations asserted in your Motion for Leave to Take Depositions are extremely serious and need to be investigated promptly. If we do not receive the above information by the 23th of September, the Defendants will have no option but to seek the Court's intervention.

Finally, we have not yet received a response from you regarding the Defendants' offer of settlement, as described in our September 8, 2005 letter. Please advise us upon your client's present position. If we do not hear from you by September 23, 2005, we shall deem Mr. Maddalena's silence as a rejection of this offer. At that point, we will have no alternative but to take this offer "off of the table" and prepare for trial.

In closing, as stated in our September 8, 2005 letter, the Department believes that it has presented a very reasonable offer of $15,000.00 to Mr. Maddalena. When combined with the settlement of Mr. Maddalena's worker's compensation claim, Mr. Maddalena would receive upwards of $30,000.00 and a fresh start in his employment. As you recognize, Mr. Maddalena will be returning to work whether there is a settlement or not. The Department believes that its offer would present the best option for all parties by putting the past behind them without the expense or contentiousness of trial.

Thank you for your attention to these matters. We appreciate your prompt response.

Very truly yours,

Parisa Beers
Special Assistant Attorney General
Extension 2367

# APPENDIX 3

*The Law Office of Stephen Thomas Fanning*
305 SOUTH MAIN STREET
PROVIDENCE, RHODE ISLAND 02903

Stephen Thomas Fanning * •
Brie G. Fanning • •

(401) 272-8250
FAX: (401) 272-4520

* Admitted in Rhode Island
• Admitted in Massachusetts

***BY HAND DELIVERY***

September 23, 2005

Parisa Beers, Esq.
Office of the Attorney General
150 South Main Street
Providence, RI 02903

RE: ***James Maddalena vs. State of Rhode Island and Providence Plantations, et al.***

Dear Attorney Beers:

I have reviewed your letter, dated September 21, 2005. As indicated in my voice mail message to your office of this date, I would appreciate a brief extension of time to respond to the issues raised in your correspondence, including those regarding certain information pertinent to the trial of this matter, as well Mr. Maddalena's response to your recent settlement proposal. I would appreciate your courtesy in permitting me until Friday, September 30, 2005, to forward my response. I will assume that, if I do not hear from you to the contrary, this date is agreeable.

I remain optimistic regarding the prospects for reaching an amicable resolution of this matter, and appreciate your continued efforts in that regard. Thank you.

Very truly yours,

Stephen T. Fanning
STF/ml

APPENDIX 4

State of Rhode Island and Providence Plantations

DEPARTMENT OF ATTORNEY GENERAL
150 South Main Street • Providence, RI 02903
(401) 274-4400
TDD (401) 453-0410

*Patrick C. Lynch, Attorney General*

September 23, 2005

Stephen T. Fanning, Esq.
305 South Main Street
Providence, RI 02903

**BY FACSIMILIE**

**Re: <u>Maddalena v. DOC – C.A. No. 02-403 S</u>**

Dear Attorney Fanning,

Thank you for your letter of September 23, 2005, which you hand-delivered to this office. Although we had asked you to provide a response to the Department's present offer of settlement, in addition to a copy of each of the Plaintiff's trial exhibits by today, we are willing, as a courtesy, to extend the time for compliance with those matters to September 30, 2005.

We cannot, however, similarly agree to extend the time in which you must provide the name of the individual who told Mr. Maddalena that the Department was allegedly involved in the improper destruction of documents. Because this information should be readily available to you, there does not seem to be any reason to prolong this issue. As you know, Mr. Maddalena was required to provide this information on or before September 2, 2005. The Department needs to address this issue promptly, in light of the pending litigation and because of the potential implications to the integrity of the Department of Corrections. Accordingly, if we do not receive the name of this individual by 10 a.m. on Monday, September 26, 2005, we intend to file a Motion to Dismiss.

Thank you for your attention to these matters. We appreciate your prompt response.

Very truly yours,

Parisa Beers
Special Assistant Attorney General
Extension 2367

# APPENDIX 5

State of Rhode Island and Providence Plantations

**DEPARTMENT OF ATTORNEY GENERAL**
150 South Main Street • Providence, RI 02903
(401) 274-4400
TDD (401) 453-0410

*Patrick C. Lynch, Attorney General*

September 28, 2005

Stephen T. Fanning, Esq.
305 South Main Street
Providence, RI 02903

**BY FACSIMILIE**

**Re: <u>Maddalena v. DOC – C.A. No. 02-403 S</u>**

Dear Attorney Fanning,

Thank you for providing the Department with the identity of C/O Randy Padula, who told your client that documents relevant to this litigation were allegedly destroyed. We will notice his deposition in the immediate future. Also, please be advised that it is necessary for you to subpoena Officer LeBeau and Lieutenant Silva in order to insure their attendance at a deposition. They may be served at the prison. Neither the Attorney General nor D.O.C. Legal can accept service for these individuals. As a courtesy, however, I requested their employment schedules for you to facilitate scheduling. (You may schedule a time during these shifts and conduct the depositions at the prison) Lieutenant Silva works at Medium Price from 7 a.m. to 3 p.m. and has days off on Wednesdays and Thursdays. Officer LeBeau works at Medium Price from 7 a.m. to 3 p.m. and has days off on Mondays and Tuesdays. Once you have scheduled a date, the Department of Corrections can find an appropriate space at the prison where the depositions can be conducted.

Additionally, in accordance with our telephone conversation on September 26, 2005, you will provide the Defendants with a complete description of the documents on Plaintiff's exhibit list by September 30, 2005 and will follow-up with hard copies of the documents as soon as practical. Once we receive hard copies, we will present you with a copy of the Defendants' trial exhibits. Thank you, in advance, for your cooperation with this matter.

With regard to our ongoing negotiations, we have received your letter of September 26, 2005. While we are still hopeful that an appropriate settlement can be reached, we are unable to negotiate further until several questions are answered. First, we must know what the $65,000 dollar figure is based upon. Please advise us in writing as to how this number was determined so that we can make an educated decision before negotiating further. As we believe you are aware, the Department has based its figure upon the overtime that it would have to expend should this matter go to trial, in addition to some minimal value. We believe, moreover, that in addition to the monetary component, our settlement offer gives Mr. Maddalena significant benefits when he returns to work at the prison (that include, among other things, Mr. Maddalena's choice of positions and the purging of his personnel file).

Finally, as stated in my September 8, 2005 letter, the Department cannot finally resolve this matter without knowing the specific conduct for which Mr. Maddalena has requested amnesty. As you will recall, Mr. Maddalena requested that he not be disciplined for his conduct between October 2002 and the present as a condition of settlement. We reiterate our need to have this information before we can reach any resolution.

Thank you for your attention to these matters. We appreciate your prompt response.

Very truly yours,

Parisa Beers
Special Assistant Attorney General
Extension 2367