UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES MADDALENA,
Plaintiff

**C.A. No. 02-403 S**

v.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS and The RHODE ISLAND DEPARTMENT OF CORRECTIONS
Defendants

**Plaintiff's Objection and Opposition To Defendants' Motion To Compel Trial Exhibits**

Now comes the Plaintiff in the above-captioned matter and files this Objection and Opposition to Defendants' Motion to Compel Trial Exhibits.

For the reasons specified in the Attached Supporting Memorandum, Defendants' Motion should be Denied.

**REQUEST FOR HEARING**

In order to preserve his rights, Plaintiff respectfully requests a hearing on this matter, as the Court may deem appropriate.

Respectfully Submitted,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
(401)272-8250 Fax (401)272-4520

**Certification**

I hereby certify that on this 26th day of October 2005, a true copy of the above was served upon counsel for the Defendants, Parissa Beers & Rebecca Tedford Partington, Office of the Attorney General, 150 South Main St., Providence, RI 02903, by hand delivery.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES MADDALENA,
Plaintiff

**C.A. No. 02-403 S**

v.

STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS and
The RHODE ISLAND DEPARTMENT
OF CORRECTIONS
Defendants

**Plaintiff's Memorandum in Support of his Objection and Opposition To Defendants' Motion To Compel Trial Exhibits**

Now comes the Plaintiff in the above-captioned matter and files this Memorandum in Support of his Objection and Opposition to Defendants' Motion to Compel Trial Exhibits.

Plaintiff has fully comported with the requirements of the Court's Pre-Trial Order, and has timely submitted to the Defendants, a detailed list of all exhibits intended to be offered at trial. Defendants have requested a more specific description of the exhibits. On or about July 29, 2005, the Defendants filed a previous Motion to Compel. The parties agreed to *exchange* copies of exhibits, in a spirit of good-faith cooperation, while they continued their ongoing efforts to resolve this matter by way of an appropriate settlement. As a result of that agreement, the Defendants motion was passed. Plaintiff is in the process of preparing a complete copy of all anticipated trial exhibits (approximately 124 in number.) He assumes that the Defendants are engaging in the same process, as they promised. To date, however, *neither* party has submitted to the

other the anticipated documents. Nevertheless, and despite their own inaction regarding the submission of documents, the Defendants have sent letters to the Plaintiff, as if proceeding on the strength of a court order, when no such order exists. Plaintiff is continuing his efforts to comport with his agreement to convey copies of all exhibits, and awaits the Defendants action in kind. (Exhibit 1) Unfortunately, the Defendants have opted to reduce the exchange of exhibits to a time consuming and somewhat acrimonious exercise, as well as an undue burden on the Court. Plaintiff intends to promptly convey the requested exhibits when they have been marked and organized, as appropriate, and anticipates completing that process in the near future. It is the Parties' understanding that trial of this matter will not be scheduled for several weeks, if not into the new year. Defendants are at no disadvantage. They are creating an acrimonious issue, in a situation in which the Parties should be acting in a cooperative and productive manner, as Plaintiff believed they had agreed.

For the reasons above, the Plaintiff respectfully requests that the Defendants' Motion be **DENIED**. In the alternative, if the Court should deem it appropriate to issue an order with respect to this matter, it is respectfully urged that the order specify a *mutual* exchange of exhibits by some date certain, as the parties had originally agreed.

## REQUEST FOR HEARING

In order to preserve his rights, Plaintiff respectfully requests a hearing on this matter, as the Court may deem appropriate.

Respectfully Submitted,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
(401)272-8250 Fax (401)272-4520

**Certification**

I hereby certify that on this 26th day of October 2005, a true copy of the above was served upon counsel for the Defendants, Parissa Beers & Rebecca Tedford Partington, Office of the Attorney General, 150 South Main St., Providence, RI 02903, by hand delivery.

EXHIBIT 1

*The Law Office of Stephen Thomas Fanning*
305 SOUTH MAIN STREET
PROVIDENCE, RHODE ISLAND 02903

Stephen Thomas Fanning * •
Brie G. Fanning * •

(401) 272-8250
FAX: (401) 272-4520

* Admitted in Rhode Island
• Admitted in Massachusetts

***BY FACSIMILE TRANSMISSION***

October 7, 2005

Parisa Beers, Esq.
Office of the Attorney General
150 South Main Street
Providence, RI 02903

RE: ***James Maddalena vs. State of Rhode Island and Providence Plantations, et al.***

Dear Attorney Beers:

I have received your correspondence, dated October 5, 2005, as well as your related communications. As I have previously indicated, I am diligently working to revise my client's trial document list to facilitate your preparation for trial. Your office and mine agreed to do this on a *mutual basis*. Neither party has been able to adhere to the time frame to which we originally agreed. I have no objection to providing my revised document list, first, as we discussed, to be followed by your reciprocal response. It was my understanding we had agreed to approach the matter of trial exhibits in a collegial fashion, in order to avoid the need for court intervention.

However, your correspondence threatening court action is neither productive nor warranted. To my knowledge, my client has fully comported with his obligations relative to identifying exhibits in his Pretrial Memorandum. My current efforts to revise and clarify the exhibit list has been undertaken as a courtesy to you, to alleviate any uncertainty you may have regarding my client's anticipated exhibits. You have promised to engage in the same process. If you feel you have legitimate basis for court intervention, it is your prerogative to pursue same. However, my client is under no order to provide you with additional documentation, and your recent communications serve only to interrupt my efforts and to protract this process. I anticipate forwarding revised material, when completed to my satisfaction.

On another note, I have reviewed the history of our correspondence, relative to settlement issues. Your letter dated August 26, 2005, states that Mr. Maddalena had made a settlement offer of $75,000, prior to the conference with Judge Almond. In fact, Mr. Maddalena's settlement offer *also* sought certain pension contributions and other

incentives, which you failed to note in your letter. As you know, since then, Mr. Maddalena has substantially modified his settlement position. You have now requested an explanation for his current settlement figure. While I am happy to provide further explanation, and am in the process of preparing a response to that effect. I think it should be clear that, in light of the period of time, my client has been absent from work, and his consequent loss of pay and benefits, his current demand seems modest in light of his calculable losses.

I am continuing to discuss settlement options with my client, and would appreciate your further feedback. However, it would be most helpful if I could relay to him some meaningful movement in your settlement posture, rather than the exceedingly modest increases proposed to date. I look forward to talking to you about all of these matters within the next few days.

Very truly yours,

Stephen Fanning

Stephen T. Fanning

STF/ml